UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 08-255-JBC**

**MADEANIA JUSTICE,**                                                                                          **PLAINTIFF,**

**V.**                                **MEMORANDUM OPINION AND ORDER**

**NASSER, INC.,**
dba Brothers Auto Sales, II,                                                            **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the defendant's motion for partial summary judgment, DE 10. The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

**I.      Background**

On December 30, 2006, the plaintiff, Madeania Justice, purchased an automobile from Nasser, Inc., d/b/a Brothers Auto Sales II ("Brother's Auto"). Brother's Auto allegedly committed several violations of federal and state consumer protection laws, including the Truth in Lending Act, 15 U.S.C. § 1631. DE 1-2. Ms. Justice filed a suit against Brother's Auto on December 28, 2007, in Scott Circuit Court. *Id.* That same day, the circuit court clerk issued a summons, and Doris Elliott, a paralegal working for Ms. Justice's attorney, took the summons to the office of Joyce Clater, a Fayette County constable. DE 12-2. According to Ms. Elliott, the constable's office appeared to be closed for the day so she placed a copy of the complaint and summons into an envelope and slid it under the front

door to the office. *Id.* On January 2, 2008, Ms. Elliott called the constable's office and confirmed that the constable received the complaint and summons. *Id.*

Over the next five months, Ms. Elliott contacted Constable Clater four times (once a month) to inquire as to whether the constable had served Abdel Hafiz Qadah, the defendant's agent for service of process. *Id.* Constable Clater stated that she attempted to serve Mr. Qadah several times but was unsuccessful. DE 12-3. Constable Clater believed that Mr. Qadah was out of the country at some point between January 2008 and May 2008. *Id.* However, Mr. Qadah stated that he was "virtually always at the dealership during business hours," and was out of town only from April 15, 2008 to April 25, 2008. DE 15-2. Finally, on May 19, 2008, Constable Clater successfully served the complaint and summons on Mr. Qadah. DE 12-3.

The defendant removed this case to federal court on June 6, 2008 and moved for partial summary judgment on July 21, 2008.

**II.    Legal Standard**

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party can satisfy its burden by demonstrating an absence of evidence to support the non-moving party's case. *Id.* at 324–25. To survive summary judgment, the non-moving party must come forward with evidence on which the jury could reasonably find in its favor.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  The non-moving party must present more than a mere scintilla of evidence to defeat a motion for summary judgment.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989); Fed. R. Civ. P. 56(e).  The court must view all of the evidence in the light most favorable to the party opposing summary judgment.  See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**III.  Analysis**

The defendant seeks dismissal of the plaintiff's claim under the Truth in Lending Act, 15 U.S.C. § 1631, arguing that the plaintiff failed to commence the action within the appropriate statute of limitations.  Causes of action based on violations of the Truth in Lending Act must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  Even though the complaint was filed on December 28, 2007, less than one year after the alleged violations, the defendant asserts that the action did not "commence" at that time because the summons was not issued in good faith, as required by KY. R. CIV. P. 3.01.

The Federal Rules of Civil Procedure govern actions after they are removed to federal court.  FED. R. CIV. P. 81(c).  However, when deciding whether the plaintiff met the statute of limitations in an action originally filed in state court, federal courts must use state law to determine the date the action commenced.  *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 908 (6th Cir. 1993).  In the instant case,

the plaintiff filed suit in a Kentucky state court. Therefore, Kentucky law must be used to determine when the action commenced. Under Kentucky law, an action "is commenced by the filing of a complaint with the court and the issuance of a summons . . . thereon in good faith." KY. R. CIV. P. 3.01. However, "[t]he issuance of a summons does not commence an action unless accompanied by an intent that the summons be served in due course." *Whittinghill v. Smith*, 562 S.W.2d 649, 650 (Ky. Ct. App. 1978). While the issuance of the summons creates a presumption that the plaintiff intended to have it served, that presumption may be rebutted by the facts. *Id.* Furthermore, "when a summons is actually served or put in line of service, the mere intention to have it issued is translated into a good-faith intentional act." *Louisville & N.R. Co. v. Little*, 95 S.W.2d 253, 255 (Ky. 1936).

The defendant argues that the summons was not issued in good faith on December 28, 2007, because Brother's Auto did not receive service of the summons until May 19, 2008, nearly five months after the filing of the complaint. The defendant claims that Ms. Justice did not attempt to serve Brother's Auto during this time period. This is incorrect. By promptly delivering the summons to the constable's office on the same day it was issued, Ms. Elliott, the paralegal for plaintiff's counsel, placed the summons in the line of service.

The defendant compares this matter to two cases in which the Kentucky Court of Appeals held that the actions had not commenced. In *Whittinghill v.*

*Smith*, 562 S.W.2d at 650, the parties were attempting to settle the dispute at the time the complaint was filed. After Whittinghill's attorney filed the complaint, he directed the clerk to hold the summons and not deliver it to the sheriff for service. *Id.* When the settlement negotiations failed, the attorney instructed the clerk to forward the summons to the sheriff so that the defendant could be served. *Id.* The court held that service had not commenced because the plaintiff "either deliberately withheld the actual legal issuance of the summons, or through oversight postponed the starting of the litigation" until after the limitations period had expired. *Id.*

The facts in *Gibson v. EPI Corporation*, 940 S.W.2d 912 (Ky. Ct. App. 1997), are similar to those in *Whittinghill*. The only difference is that Gibson's attorney filed the complaint and had the clerk issue a summons, while Whittinghill's attorney asked the clerk to hold the summons. *Gibson v. EPI Corporation*, 940 S.W.2d at 913. However, after accepting the summons, Gibson's attorney retained it for himself instead of delivering the summons to an officer authorized to serve the defendant. *Id.* The court held that the attorney's actions showed that he "did not intend for the process to be executed in due course by the clerk." *Id.* Because "[t]he intention to go forward with the service of process was not reached until after the limitation period had expired," the action was barred by the statute of limitations. *Id.*

Unlike the attorneys in *Whittinghill* and *Gibson*, Ms. Justice's attorney neither asked the clerk to hold the summons nor retained the summons for herself.

5

On the contrary, a paralegal working for plaintiff's counsel promptly delivered the summons to the constable's office on the same day that it was issued. DE 12-2. There is no evidence to suggest that Ms. Justice's attorney instructed the constable to refrain from serving the defendant or that the delay in service was caused by Ms. Justice or her attorney.

The defendant also argues that the plaintiff failed to act in good faith by choosing to have the summons served by the constable instead of mailing it to the defendant. Kentucky permits summonses to be served by certain authorized persons or by registered or certified mail. KY. R. CIV. P. 4.01(1)(a) and (b). While the state does not require dual service, Kentucky allows a plaintiff to engage both means of service simultaneously. KY. R. CIV. P. 4.01(2). Nevertheless, the plaintiff's failure to mail the summons after she had already placed it into the line of service by delivering it to the constable does not amount to a lack of good faith. Brother's Auto contends that the plaintiff's counsel took a *laissez-faire* approach to serving it. However, an employee of the plaintiff's counsel contacted the constable once a month to inquire about the status of the summons. DE 12-2. Although the court makes no such finding, even if the court determined that Ms. Justice's attorney acted with "less than perfect diligence," this would not amount to a lack of good faith. *See, e.g., Crowe v. Miller*, 467 S.W.2d 330, 333 (Ky. 1971); *Commonwealth of Kentucky, Dept. of Highways v. Parker*, 394 S.W.2d 899 (Ky. 1965); *Roehrig v. Merchant's and Businessmen's Mutual Ins. Co.*, 391 S.W.2d 369

(Ky. 1965).

The court finds that the plaintiff filed the complaint and issued the summons in good faith on December 28, 2007. Thus, the action commenced before the statute of limitations period lapsed. Because the statute of limitations was met, genuine issues of material fact exist regarding the plaintiff's claim under the Truth in Lending Act. Therefore, summary judgment is inappropriate.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the defendant's motion for partial summary judgment, DE 10, is **DENIED**.

Signed on December 4, 2008

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY