**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 08-255-JBC**

**MADEANIA JUSTICE,**                                                                            **PLAINTIFF,**

**V.**              **MEMORANDUM OPINION AND ORDER**

**NASSER, INC.,**
dba Brothers Auto Sales, II,                                             **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the parties' joint motion for ruling on attorney's fees and costs (R. 50), which the court construes as the plaintiff's renewed petition for attorney's fees and costs. The court will grant the petition in part and deny it in part. The court will subtract excessive time that plaintiff's counsel spent on the Rule 26(f) joint-planning report. The court will award fees for the balance of plaintiff's counsel's time, because the time is reasonable and the defendant does not contest plaintiff's counsel's rates. The court will award full costs to the plaintiff, because the defendant does not oppose that award.

**I. BACKGROUND**

The plaintiff, Madeania Justice, sued the defendant, Nasser, Inc. ("Brother's Auto"), about a car that Justice purchased from Brother's Auto. At the time of purchase, Brother's Auto had allowed Justice to take possession of the car after paying half of her down payment. Justice had agreed to pay the other half of the down payment and the purchase price according to a payment schedule.

Justice alleged a number of defects in the transaction, including that Brother's Auto failed to make proper disclosures under the federal Truth in Lending Act, the federal Odometer Acts, and the Kentucky Consumer Protection Act. Justice also asserted common-law tort causes of action because, she alleged, the car had mechanical defects that forced her to trade in the car at another dealership.

Justice filed this action in Scott Circuit Court on December 28, 2007, and she perfected service of process in May 2008. Brother's Auto removed the action to this court on June 6, 2008. Brother's Auto filed a counterclaim against Justice, seeking recovery of the alleged $2,697.88 balance due on the car. The parties conducted fact discovery, and each party filed a motion for partial summary judgment. The court denied Brother's Auto's motion; Justice's motion did not ripen before the parties settled.

The parties participated in a settlement conference before Magistrate Judge James Todd on November 3, 2009. On November 11, 2009, the parties notified the court that they had settled all claims except Justice's entitlement to attorney's fees and costs. R. 35. The parties agreed to have the court decide whether to award attorney's fees and costs, and, if so, the amount of the award.

## II. ATTORNEY'S FEES

The computation of a reasonable attorney's fee begins with the "lodestar" figure, which the court calculates by multiplying the hours reasonably expended on the litigation by reasonable hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433

(1983); *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994). Justice proposes the following lodestar computation:

| Professional | Hours | Rate (per hour) | Product |
|---|---|---|---|
| Katherine K. Yunker (attorney) | 28.1 | $240 | $6,744 |
| Oran S. McFarlan (attorney) | 123.0 | $165 | $20,295 |
| Doris J. Elliott (paralegal) | 42.1 | $70 | $2,947 |
| **Total** | 193.2 | | $29,986 (lodestar) |

Justice requests a full award of the proposed lodestar. Brother's Auto does not dispute the reasonableness of Justice's counsel's rates. Brother's Auto, however, argues against an award of any attorney's fees because Justice allegedly prosecuted a nuisance case or, in the alternative, for a reduction from Justice's proposed lodestar because Justice's counsel spent time on claims that do not allow for fee-shifting and spent excessive time on other tasks. The court addresses each of Brother's Auto's objections in turn.

    A. <u>Nuisance case</u>

Brother's Auto claims that Justice may not recover any attorney's fees because Justice failed to prosecute a "successful action" within the meaning of the fee-shifting provision of the Truth in Lending Act. 15 U.S.C. § 1640(a)(3). Brother's Auto characterizes Justice's suit as a nuisance case, rather than a successful action, because Brother's Auto paid Justice only $1,000 to settle. The

3

court assumes that Brother's Auto takes the same position with respect to the Kentucky Consumer Protection Act, which authorizes an award of attorney's fees to a "prevailing party."  KRS § 367.220(3).

Justice's small recovery does not render her case a nuisance or disqualify her as a prevailing party.  Justice need only show that her settlement provides some benefit to her, or some vindication of her rights, and that the settlement furthers the legislative intent of encouraging private enforcement of the respective statutes. *See Chicano Police Officer's Ass'n v. Stover*, 624 F.2d 127, 131 (10th Cir. 1980); *Alexander v. S&M Motors, Inc.*, 28 S.W.3d 303, 306 (Ky. 2000).  Monetary settlements often are small in consumer-protection cases, so the nuisance hurdle must be set low to avoid discouraging private enforcement.  *See Alexander*, 28 S.W.3d at 305-06 (citation omitted).

The $1,000 that Justice recovered represents a realized benefit.  The money allowed Justice to recover the up-front portion of her down payment.  The settlement agreement, moreover, presumably disposed of Brother's Auto's counterclaim for breach of contract in a manner that made it worthwhile for Justice to settle rather than defend against the counterclaim.  Had Justice lost on the counterclaim at trial, she could have been liable to Brother's Auto for the $2,697.88 balance due on her car, plus interest.  The settled counterclaim, therefore, represents a realized benefit and a vindication of Justice's rights.  Justice's action is not a nuisance, and Justice qualifies as a prevailing party.

B.  Reduction of fees in light of the small recovery

Alternatively, Brother's Auto argues, Justice's small recovery compels a reduction from the proposed lodestar because the proposed lodestar is excessive at roughly thirty times the amount of money that Justice recovered under the settlement agreement.

Attorney's fees awarded under the Truth in Lending Act are not limited by the amount of a plaintiff's recovery. *Purtle v. Eldridge Auto Sales, Inc.*, 91 F.3d 797, 802 (6th Cir. 1996).  The Kentucky Consumer Protection Act, likewise, does not appear to impose such a limitation.  *See Alexander*, 28 S.W.3d at 306.  While the overall calculation of the lodestar does entail consideration of the results obtained, that factor is one of many that a court may consider. *Hensley*, 461 U.S. at 430 n.3.

Justice's small recovery does not weigh so heavily that it compels a reduction in fees in the lodestar analysis.  Justice's monetary settlement and the avoidance of having to defend against the counterclaim provided benefit and vindicated Justice's rights.

C.  Fees incurred in defending against Brother's Auto's counterclaim, prosecuting claims under non-fee-shifting statutes, and defending against Brother's Auto's motion for summary judgment

Brother's Auto argues that Justice's proposed lodestar should be reduced to exclude time spent on defending against Brother's Auto's breach-of-contract

counterclaim and prosecuting Justice's claims brought under statutes that do not shift attorney's fees. That argument fails.

The Truth in Lending Act shifts attorney's fees in a successful "action to enforce the foregoing liability . . . ." 15 U.S.C. § 1640(a)(3). The phrase "to enforce the foregoing liability" refers to liability under the Truth in Lending Act. *Id*. Brother's Auto construes the phrase as restricting a fee shift to time spent prosecuting a claim under the Truth in Lending Act. *See Lacy v. General Finance Corp.*, 651 F.2d 1026, 1028-29 (5th Cir. 1981).

That phrase does not restrict the recovery of fees to claims under the statute; it provides a threshold for an action to qualify for fee-shifting. The distinction between an "action" and a "claim" is key in construing the provision. An "action" is a judicial proceeding. *Black's Law Dictionary* (8th ed. 2004). A "claim" is the aggregate of the operative facts that give rise to an enforceable right. *Id*. An action, therefore, may encompass multiple claims. Congress would have used the word "claim" instead of "action" if it intended to limit fee-shifting to claims under the statute. Congress might also have used a completely different phrase, such as "for time spent prosecuting the foregoing liability." Congress's use of the word "action" indicates that Congress intended to bring an entire action that includes a Truth in Lending Act claim within the fee-shifting provision of the statute.

Brother's Auto's proposed construction of the statute presents additional

problems. First, attorneys seeking a fee award would find it difficult or impossible to provide time entries that distinguish between time spent on fee-shifting claims and non-fee-shifting claims. When an attorney, for example, drafts a statement of facts common to all claims, the attorney cannot feasibly break out the time into two categories. A requirement to that effect, moreover, would exceed the level of specificity typically required in time entries for fee petitions. *See Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 553 (6th Cir. 2008). Second, Brother's Auto's construction would undermine the legislative intent of encouraging attorneys to prosecute consumer-protection violations. Many attorneys would turn down consumer-protection cases if they were faced with the prospect of prosecuting such cases only to prevail on non-fee-shifting claims. *See McDonald v. Credithrift of America, Inc.*, 661 F.2d 69, 70 (5th Cir. 1981) (Clark, J., dissenting).

Like the Truth in Lending Act, the Kentucky Consumer Protection Act provides for recovery of attorney's fees in "any action brought by a person under this section . . . ." KRS § 367.220(3). Brother's Auto does not argue that the Kentucky statute restricts fee awards to time spent on fee-shifting claims. The court, therefore, will assume for purposes of this petition that the result would be the same under the Kentucky statute.

D. Other challenges to reasonableness

Brother's Auto argues for other reductions in Justice's proposed lodestar to exclude what Brother's Auto views as excessive time expenditures on various

7

tasks.

1. *Time spent contesting Brother's Auto's motion to amend its answer*

The time Justice's counsel spent contesting Brother's Auto's motion to amend its answer to add the counterclaim falls within the scope of the hours spent contesting the counterclaim in general. The court will not exclude that time for the reasons stated above.

2. *Time expended after August 5, 2009*

Brother's Auto argues that time expended after August 5, 2009, is unreasonable, because Brother's Auto made an offer of judgment for $1,800 on that date. Brother's Auto was permitted to serve Justice with an offer to allow a judgment to be entered, on specified terms, with the costs then accrued. Fed. R. Civ. P. 68(a). If Justice declined the offer, but finally obtained a judgment not more favorable than the declined offer, she was obligated to pay the costs incurred after the offer was made. Fed. R. Civ. P. 68(d). According to Brother's Auto, Justice's $1,000 settlement is less favorable than the $1,800 that Brother's Auto originally offered, thereby rendering an award of post-offer attorney's fees inappropriate.

Attorney's fees are not included in the definition of "costs" in the fee-shifting statutes on which Justice relies. 15 U.S.C. § 1640(a)(3); KRS § 367.220(3). Rule 68, therefore, does not preclude Justice from seeking post-offer attorney's fees. *Cf. Marek v. Chesny*, 473 U.S. 1, 9 (1985).

8

Justice, moreover, obtained a more favorable result than the declined offer. In the offer of judgment, Brother's Auto defined the proposed $1,800 judgment to include attorney's fees. R. 38 Ex. 4. In the final settlement, Brother's Auto agreed to pay Justice $1,000 but allowed Justice to file a fee petition. *See* R. 35. Brother's Auto, as a result, left it to Justice to recover as much value in attorney's fees as the court would allow. Justice will realize a far better result than the initial $1,800 offer after the court awards her fee petition.

3. *Internal conferences*

Brother's Auto argues that any time Justice's attorneys spent conferring with one another should be excluded. Internal conference time is reasonable. It would be extremely difficult, if not impossible, for a team of attorneys to effectively represent a client without conferring with one another.

4. *Doris Elliott's time spent locating and traveling to Scott Circuit Court; time spent on service of process*

Brother's Auto argues that the time plaintiff's counsel's paralegal, Doris Elliott, spent locating the Scott County Courthouse and following up with the constable regarding service should be excluded. Brother's Auto's only basis for this claim is that "had Plaintiff not waited until the eleventh hour to file her suit, the fees would not have been necessary as the Complaint could have been mailed to the Court." R. 38 at 12. Justice filed her complaint within the limitation period. She had no obligation to time the filing so her attorneys could mail the complaint to the courthouse.

5. *Time spent on the parties' joint-planning report*

Brother's Auto complains that the combined five hours that Justice's counsel and paralegal spent preparing the parties' Rule 26(f) joint-planning report is unreasonable. The court agrees. One hour of Oran McFarlan's time should account for the time and skill level needed to complete the report. The court will subtract 1.2 hours of Oran McFarlan's time and 2.8 hours of Doris Elliott's time.

6. *Time spent on settlement negotiations and Justice's motion for partial summary judgment*

Brother's Auto claims that attorney Oran McFarlan spent excessive time on settlement negotiations and Justice's motion for partial summary judgment because the case was "simple" and the issues "were not complex." R. 38 at 13. The parties, however, had to resolve a number issues, spanning from Justice's consumer-protection claims, to her common-law tort claims, to Brother's Auto's counterclaim to recover the balance due on the car. McFarlan, likewise, was entitled to invest considerable time in preparing a partially dispositive motion, which required the preparation of an affidavit and probably required extensive review of the evidence. McFarlan was also entitled to invest considerable time in preparing the motion because the prospective disposition had the potential to shape the parties' settlement postures.

## III. COSTS

Brother's Auto does not contest Justice's request for an award of costs of $232.98.

## IV. CONCLUSION

Justice requests an award of attorney's fees to compensate for 193.2 hours of professional services. The court subtracts 1.2 hours of Oran McFarlan's time and 2.8 hours of Doris Elliott's time to eliminate excessive time spent on the Rule 26(f) report. Justice's petition, otherwise, is reasonable. The active litigation ran more than a year and a half and entailed fact discovery, two partially dispositive motions, a court-facilitated settlement conference, and private settlement negotiations. Brother's Auto provides no basis for excluding additional time, nor does Brother's Auto dispute the reasonableness of Justice's counsel's rates.

The court adopts the following lodestar calculation:

| **Professional** | **Hours** | **Rate (per hour)** | **Product** |
|---|---|---|---|
| Katherine K. Yunker (attorney) | 28.1 | $240 | $6,744 |
| Oran S. McFarlan (attorney) | 121.8 | $165 | $20,097 |
| Doris J. Elliott (paralegal) | 39.3 | $70 | $2,751 |
| **Total** | 189.2 | | $29,592 (lodestar) |

Accordingly,

**IT IS ORDERED** that the joint motion for ruling on attorney's fees and costs (R. 50) is construed as the plaintiff's renewed petition for attorney's fees and costs and is **GRANTED IN PART AND DENIED IN PART**.

Because the parties have advised the court that they have settled this action,

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the active docket.

The parties shall **TENDER** an agreed order dismissing this action with prejudice within twenty-one days of entry of this order. The court will entertain a motion to re-docket this action without application to the court within twenty-one days from entry of this order if the settlement is not consummated.

After the parties file an agreed order dismissing the action with prejudice, the court will issue a judgment awarding the attorney's fees and costs.

Signed on September 21, 2010

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY